# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50077 | **DATE** | 5/9/2008 |
| **CASE TITLE** | U.S. ex rel. Paul N. Eichwedel (#B-02148) vs. Warden Nedra Chandler | | |

**DOCKET ENTRY TEXT:**

The respondent is ordered to answer the petition or otherwise plead within sixty days of the date of this order. The petitioner is directed to file a reply brief within thirty days of the filing of the State's response to the petition.

*/s/ Philip G. Reinhard*

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Paul Eichwedel, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner does not challenge his underlying criminal conviction; rather, he takes exception to the revocation of six months' good conduct credits pursuant to 730 ILCS 5/3-6-3(d) and 730 ILCS 5/3-3-2(a)(8) (2006) for filing a frivolous lawsuit. The petitioner contends that: (1) the statute is unconstitutional on its face; (2) the statute is unconstitutional as applied to him; (3) the revocation proceedings denied him due process; and (4) the Illinois Appellate Court failed to follow its own precedent in denying him relief. Habeas corpus is the proper avenue for contesting the revocation of the good conduct credits. *See, e.g., Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) ("§ 2254 is the appropriate vehicle when prison officials have revoked good-time credits once earned").

The petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition, *see U.S. ex rel. Piwowar v. Bensko*, No. 02 C 6825, 2003 WL 115241, at *10 (N.D. Ill. Jan. 13, 2003) (Holderman, J.); furthermore, he appears to have filed this action in a timely manner. Accordingly, the respondent is ordered to answer the petition or otherwise plead within sixty days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is directed to file a reply brief within thirty days after the State has responded to his petition. *See* Rule 5(e) of the Rules Governing Section 2254 cases.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.